IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARY BOHMAN,

                            Plaintiff,                          OPINION AND ORDER

        v.
                                                                14-cv-364-wmc
CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                            Defendant.

Pursuant to 42 U.S.C. § 405(g), plaintiff Mary Bohman seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, which denied her application for Social Security Disability Insurance Benefits and Supplemental Security Income.  On September 17, 2015, the court heard oral argument regarding plaintiff's contention that the administrative law judge ("ALJ"):  (1) erred in assessing Bohman's credibility, particularly with respect to her reported limitations in manipulating and lifting objects; and (2) failed to account for limitations in Bohman's ability to move because of her deteriorating cervical spine in formulating hypotheticals for the vocational expert.  For the reasons provided below, the court rejects both challenges and will affirm the Commissioner's denial of benefits.

BACKGROUND

Bohman claims a disability onset date of June 1, 2010, primarily due to pain in her arms, shoulders and hands.  Beginning around that date, the medical record reflects that Bohman began experiencing right shoulder pain and was diagnosed by orthopedist Greg Taylor, M.D., with "acromioclavicular joint derangement and impingement

syndrome." (AR 380-81.)  For this, Bohman began physical therapy in October 2010, and the record reflects improvement and at least partial resolution by May 2011.  (AR 656.)

In late 2010, Bohman began experiencing pain in her left shoulder.  A January 2011 MRI revealed "adhesive capsulitis shoulder (right), rotator cuff tear, traumatic 'partial,' and impingement syndrome, shoulder."  (AR 288.)  While another physician, Dr. Lu, reviewed the same MRI and concluded that there was no rotator cuff tear (AR 485), Bohman had left shoulder surgery in June 2012.  The initial, post-treatment notes indicated that Bohman was healing well from that surgery.

In addition to pain in both shoulders, Bohman was diagnosed in early 2011 with carpal tunnel syndrome in both hands.  Bohman underwent a "carpal tunnel release" procedure on her right hand in May 2011.  Post-surgery treatment notes from that procedure reveal that Bohman was doing very well after the surgery, and that Bohman was pleased with the results.  (AR 427, 656, 697.)  Bohman had the same surgery on her right hand in June 2012.  Post-treatment notes reveal that this surgery was also successful.  (AR 808.)

The ALJ held a hearing on Bohman's disability claim on October 30, 2012, and issued a decision a month later, which concluded that Bohman was not disabled.  In the decision, the ALJ found the following impairments: "right shoulder partial rotator cuff tear; degenerative joint disease and impingement syndrome of the bilateral shoulders; and bilateral carpal tunnel syndrome status post bilateral release surgeries."  (AR 40.)  The ALJ nevertheless determined that Bohman had the RFC to perform light work, with

2

additional limitations for "any overhead lifting or reaching with the bilateral upper extremities," and also limited her to lifting no more than twenty pounds occasionally and ten pounds frequently.  (AR 41, 43.)

Critical to this appeal, the ALJ discounted Bohman's self-reported limitations based on (1) reports of symptoms and limitations with respect to her right shoulder having dramatically decreased by 2012; (2) successful surgery on her left shoulder in July 2012 with follow-up treatment notes stating that she was healing appropriately and already experiencing the benefits from surgery; (3) good results following May 2011 carpal tunnel surgery on right wrist; (4) Bohman undergoing the same surgery on left wrist in July 2012; (5) one treatment note indicating that Bohman reported that she continued to provide childcare in January 2011, despite complaints of shoulder pain; and (6) there being no basis on the record to find that Bohman is restricted from sitting, standing or walking (other self-assessed restrictions), even if restricted as to reaching over her head.  (AR 42-43.)  In weighing the medical evidence, the ALJ also specifically noted and placed great weight on the fact that "no treating or examining source has attested to any specific work related limitations associated with the claimant's impairments nor has any doctor alleged that she is unable to work because of her conditions."  (AR 43.)

## OPINION

As noted above, Bohman raises two, basic challenges to the Commissioner's finding of non-disability, which the court will address in order.

I.      **The ALJ's Credibility Assessment**

At the hearing before the ALJ on October 30, 2012, Bohman testified that she: (1) continued to experience tingling and gripping problems with her right hand (on which she underwent carpal tunnel release surgery in May 2011); and (2) was still healing from the July 2012 carpal tunnel release surgery on her left hand.  Bohman also testified that she could not lift more than 5 pounds at a time.  The Vocational Expert further testified that *if* additional manipulative restrictions limited Bohman to occasional fine or gross motor skills with her right hand and effectively no fine or gross motor skills with her left hand, there would be no work available to her in the competitive labor market.

Based on this testimony, plaintiff argues that:  (1) at minimum, her limitations in lifting and fine motor skills prevent her from performing sedentary work; and (2) given the fact that she has no past relevant work and is now over age 52, she qualifies as disabled under Rule 201.14 of the Medical-Vocational Guidelines (Grids).   (Pl.'s Opening Br. (dkt. #17) 2.)   This argument would require, however, that the court overturn the ALJ's credibility determination with respect to Bohman's testimony that she either could not lift more than 5 pounds or that she had significant issues with fine and gross manipulation.  As described above, the ALJ's rejection of this testimony was well-supported by the medical record, which describes:  (1) significant improvements with respect to her right shoulder and hand; (2) initial reports of successful surgeries and improvement with respect to her left shoulder and hand; and (3) the marked absence of *any* restrictions with respect to her hand and wrist impairments, except for those only

imposed immediately after surgery.  From this, the court concludes that the ALJ's ultimate credibility and limitation determinations followed an "accurate and logical bridge from the evidence to his conclusion." *Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015).[1]

## II.    Incomplete Hypothetical

Bohman also argues that the ALJ erred in failing to account for "limitations with regard to the cervical spine, such as looking down, looking up, or turning head from side-to-side." (Pl.'s Opening Br. (dkt. #17) 26.)  Even crediting Bohman's argument that the ALJ failed to consider certain medical records concerning her cervical spine, Bohman herself did not testify at the hearing about cervical spine symptoms or limitations.  On the contrary, when asked about "neck pain," Bohman simply responded that she has a "lump in my thyroid."  (AR 23.)  Most critically, when asked if the lump "affect[s] how you can move or whether you have pain or not," she answered "no."  (*Id.*)  Instead, Bohman's complaints are focused on her shoulders and hands, which, of course, is consistent with the medical record.  (AR 16.)  Likely, this explains Bohman's decision to essentially drop this argument in her reply.

On this record, therefore, the court finds no error on the part of the ALJ in failing to address any ongoing impairment associated with Bohman's cervical spine, nor more

---

[1] At the hearing, counsel for plaintiff argued that the ALJ had the discretion to shift the onset disability date, perhaps to a later date, and then find a closed period of disability. Plaintiff failed to assert this argument in her briefing, but even if she had, the medical record contains no restrictions on her activities based on her carpal tunnel diagnosis.  In light of this, the court is hard-pressed to find error on the part of the ALJ in his rejection of Bohman's testimony about manipulation and weight lifting limitations.

importantly, in failing to address limitations related to her cervical spine in his hypothetical questions to the VE.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, as Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is AFFIRMED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 23rd day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge